IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

|  |  |  |
|---|---|---|
| DARRICK THOMAS FERGUSON, | ) | |
| | ) | |
| Petitioner, | ) | Criminal No. 1:03-cr-310 |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Petitioner Darrick Ferguson's Motion to Reduce Sentence Pursuant to § 404(b) of the First Step Act of 2018 (the "First Step Act").

On January 7, 2004, Petitioner was found guilty by a jury on two counts: (1) conspiracy to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and § 846; and (2) possession with intent to distribute five grams or more of cocaine base in violation of 18 U.S.C. § 841(a)(1).

The statutory penalties associated with violating 21 U.S.C. § 841(a) and § 846 are contained in § 841(b). Based on the five to 50-gram drug weight, § 841(b) called for a statutory minimum penalty of 20 years to life on Count 1 and 10 years to life on Count 2. In the Probation Office's Presentence Report ("PSR"), the Probation Office found that Petitioner was "responsible" for 324.71 grams of cocaine base. The PSR also stated that Petitioner was

considered a "career offender" because he had prior convictions for a controlled substance offense and two "crimes of violence." The Probation Office also determined that the sentencing guidelines should be enhanced for possession of a dangerous weapon. As a result of these adjustments, the PSR concluded that the sentencing guidelines called for a mandatory 360 months to life imprisonment. At sentencing on April 16, 2004, the Court found that the sentencing guidelines were properly assessed and sentenced Petitioner to concurrent sentences of 360 months incarceration and a 10-year period of supervised release on Count 1 and Count 2.

In this motion, Petitioner seeks a sentence reduction pursuant to § 404(b) of the First Step Act. Petitioner, who has not previously filed any motion under § 404(b), requests that his sentences on Count 1 and Count 2 be reduced from 360 months to 210 months, to run concurrently, and that his terms of supervised release be reduced from 10 years to six years, to run concurrently. Respondent United States of America filed an opposition, arguing that Petitioner is ineligible for a sentence reduction because "the quantity of cocaine base for which he was responsible satisfies the increased threshold in the Fair Sentencing Act." Respondent also argues that even if Petitioner were eligible for relief under the First Step Act, no such relief is warranted.

Generally, a court may not modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c). However, Section 404(b)

2

of the First Step Act provides an exception to the rule by providing that "[a] court that imposed a sentence for a covered offense may, on motion of the defendant . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." A "covered offense" is defined as a "violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010." First Step Act, § 404(a). In relevant part, Section 2 of the Fair Sentencing Act increased the drug weight thresholds contained in penalty provisions of 21 U.S.C. § 841(b)(1)(A) and (B) from 50 grams to 280 grams for a 10-year minimum sentence, and from five grams to 28 grams for a five-year minimum sentence.

Because the First Step Act retroactively applies the Fair Sentencing Act to those individuals convicted of a controlled substance offense before August 3, 2010 (the date when the Fair Sentencing Act was enacted), the Fair Sentencing Act's modifications to the drug weight thresholds in 21 U.S.C. § 841(b)(1) may now apply to individuals like Petitioner, who was convicted before August 3, 2010. Even if eligible for a reduced sentence under the First Step Act, a reviewing court has ample discretion as to whether to reduce a petitioner's sentence. First Step Act, § 404(c); see also United States v. Venable, 943 F.3d

3

187, 194 n.11 (4th Cir. 2019) ("Section 404(c) reiterates that district courts retain full discretion in granting or denying relief on the merits").

The Respondent primarily argues that Petitioner is ineligible for a sentence reduction under the First Step Act because he was "held responsible" for an amount of crack cocaine that exceeds the drug-quantity thresholds modified by Section 2 and Section 3 of the Fair Sentencing Act. In other words, Respondent argues that Petitioner is ineligible for relief because the facts underlying his "violation" of a federal criminal statute – here, the approximately 325 grams of cocaine base attributed to him in the PSR – is an amount which exceeded the Fair Sentencing Act's modified 28-gram and 280-gram thresholds in the penalty provisions of 21 U.S.C. § 841(b). Because the penalty associated with an amount greater than 280 grams of cocaine base was not modified by the Fair Sentencing Act, the Respondent contends that Petitioner would be subject to the same 360-month-to-life sentencing guideline range today as he was in 2004.

Respondent's argument relies on the First Step Act's definition of a "covered offense." Section 404(a) of the First Step Act defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act[.]" Respondent argues that because the phrase "covered offense" is defined to mean a

4

"violation" of a Federal criminal statute, the test for whether Petitioner is eligible depends on whether the penalties associated with that "violation" were modified by the Fair Sentencing Act. Contending that the word "violation" means the facts underlying Petitioner's actual offense - the nearly 325 grams of cocaine base to Petitioner by the PSR - Respondent argues Petitioner cannot benefit from the Fair Sentencing Act's penalty modifications because that quantity of cocaine exceeds the Fair Sentencing Act's modified thresholds.

Respondent's argument has been squarely rejected by the Fourth Circuit. In <u>United States v. Wirsing</u> 943 F.3d 175 (4th Cir. 2019), the Fourth Circuit held that the threshold test for eligibility under the First Step Act was whether the statutory penalties associated with a petitioner's "statute of conviction" were modified by the Fair Sentencing Act. 943 F.3d 175, 182 (4th Cir. 2019). In reaching its holding, the <u>Wirsing</u> court rejected the same argument that Respondent makes here: that eligibility under the First Step Act depends on whether the penalty associated with a petitioner's underlying conduct, as described in the PSR, was modified by the Fair Sentencing Act. <u>Wirsing</u>, 943 F.3d at 185. Applying <u>Wirsing</u>'s straight-forward eligibility test here, the Court concludes that Petitioner is indeed eligible for a reduced sentence because the penalties associated with his "violation" of

the statutes of conviction - 21 U.S.C. § 841(a) and § 846 - were modified by the Fair Sentencing Act.

Respondent next argues that a reduced sentence is "not warranted" in this case. Petitioner responds by contending that, since the date of his incarceration, he has obtained a GED and completed vocational courses in plumbing and carpentry. Petitioner's motion also includes numerous statements of support from family and friends, including a letter from Petitioner's son indicating that he would have a home and job waiting for him after his release. It is clear from the Court's review of the record that Petitioner has taken steps towards reform and rehabilitation while incarcerated, and that he still enjoys support from a network of family and friends despite having been incarcerated since 2003.

Having establish that Petitioner is eligible for relief under the First Step Act, the Court must now determine Petitioner's sentence "as if Sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." First Step Act, § 404(b). Petitioner argues that had the Fair Sentencing Act been in effect when he was originally sentenced in 2004, Petitioner would face a statutory maximum penalty of 20 years' incarceration and an advisory sentencing guideline range of 210 to 262 months. The Court agrees with Petitioner's analysis of the statutory penalty and that a sentencing guideline range of 210 to 262 months is appropriate in this case.

For the foregoing reasons, the Court finds that Petitioner's motion should be granted. After full consideration of the record and the factors contained in 18 U.S.C. § 3553(a), the Court finds the sentencing guideline range of 210 to 262 months is appropriate, and that Petitioner's sentence should be reduced from 360 months to 210 months on Count 1 and Count 2, to run concurrently, and Petitioner's supervised release should be reduced from 10 years to 6 years on Count 1 and Count 2, to run concurrently.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
January 13, 2020